CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 29 2006

JOHN F. CORCORAN, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DERRICK WADDELL ALLEN, | ) |
|     Plaintiff, | )     Civil Action No. 7:06cv00378 |
| | ) |
| v. | )     **MEMORANDUM OPINION** |
| | ) |
| OFFICER MAXFIELD, | )     By: Samuel G. Wilson |
|     Defendant. | )     United States District Judge |

Plaintiff Derrick Waddell Allen, a Virginia inmate proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging that the defendant, "Officer Maxfield," improperly opened Allen's legal mail outside of Allen's presence. Allen seeks $ 300,000 in damages. The court finds that Allen's complaint fails to state a claim upon which the court may grant relief and, therefore, dismisses Allen's action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Allen alleges that Officer Maxfield opened a piece of returned mail Allen had sent to a law firm outside of Allen's presence. However, Allen concedes that the envelope was not clearly marked as legal mail, that the envelope was stamped "return to sender" and was rejected by the addressee as unsolicited mail, and that the name and address of the intended recipient was almost entirely obscured by the "return to sender" label. Additionally, Allen admits that, after thorough examination, he does not believe that Maxfield or anyone else retained any portion of his legal papers. Allen speculates, though, that Maxfield "may have" copied the documents and "may have" distributed copies to the administrative staff. Allen also speculates that Maxfield "may have" delayed the processing of or "may have" destroyed other legal mail.

Dockets.Justia.com

## II.

To state a claim that interference with legal mail has abridged his right to access the courts, an inmate must demonstrate some actual harm or prejudice to his ability to communicate with the court or with counsel. See Lewis v. Casey, 518 U.S. 343 (1996) (holding that when an inmate has had access to court, but alleges that officials deprived him of some item necessary for meaningful pursuit of his litigation, such as his already prepared legal materials, the inmate must allege facts showing actual injury or specific harm to his litigation efforts resulting from denial of the item); see also White v. White, 886 F.2d 721, 724 (4th Cir. 1989) (holding that, in order to state a claim based on delay or non-delivery of legal mail, an inmate must allege that he suffered actual adverse consequences as a result of the delay or that the non-delivery deprived him of meaningful access to the courts). Allen does not claim that Maxfield or other prison employee has deprived him of the legal mail, only that they opened it. Further, Allen managed to file this suit and has filed extensively in another case pending in this court.[1] Accordingly, the court finds that Allen has failed to allege actual harm or prejudice to his ability to access the courts.[2]

---

[1] See Allen v. Officer Leffel, et al., Civil Action No. 7:06cv00389.

[2] Additionally, allegations that a state actor has negligently or intentionally destroyed, lost, or interfered with legal mail or other personal property does not state a procedural due process claim due to the availability of effective state remedies. Pink v. Lester, 52 F.3d 73 (4th Cir.1995)(citing Daniels v. Williams, 474 U.S. 327 (1986)), Bowler v. Young, 2003 WL 24253707 (W.D. Va June 25, 2003), aff'd, 78 Fed. Appx. 281 (4th Cir. 2003).

Moreover, prisons have a legitimate security interest in opening and examining outgoing mail. Altizer v. Deeds, 191 F.3d 540, 549 (4th Cir. 1999). Further, because prisons have a legitimate penological interests in ensuring that no contraband or harmful substance comes into the prison through the mail, allegations that a prison employee merely opened incoming legal mail in the recipient's absence does not raise a claim of constitutional magnitude. Griffin v. Virginia, 2002 WL 32591574 (W.D. Va. December 17, 2002), aff'd, 67 Fed. Appx. 837 (4th Cir. 2003).

## III.

For the stated reasons, Allen's complaint is dismissed pursuant to § 1915A(b)(1).

**ENTER**: This 24th day of June, 2006.

_____
UNITED STATES DISTRICT JUDGE